UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-MJ-01664

**United States of America**,

v.

**Zolton Fakovic**,

          Defendant.

**Order**

      Defendant Zolton Fakovic requests that the court excuse him from attending the bench trial in this matter that is currently set for Monday, August 15, 2016, at 9:00 a.m. in the Terry Sanford Federal Building in Raleigh, North Carolina. For the reasons stated below, Fakovic's motion is denied.

      Both the Federal Rules of Civil Procedure and this court's local rules allow a defendant to waive his appearance at a trial for a misdemeanor offense under certain circumstances. Fed. R. Crim. P. 43(b)(2); Local Criminal Rule 43.1. In order to be valid, a waiver must contain all of the items required by the Local Rules. Local Criminal Rule 43.1. Here, Fakovic's waiver does not contain an agreement to be bound by the decision of the court, is not signed by Fakovic, and does not reflect that the United States Attorney or an Assistant United States Attorney have consented to his absence.

      More importantly, a defendant's request to be absent from his criminal trial must be authorized by the court. Fed. R. Civ. P. 43(b)(2), Local Criminal Rule 43.1(d)(4). Under the circumstances of this case, it is not appropriate to allow Fakovic to waive his appearance at trial.

      Fakovic is charged with three offenses: driving while impaired, careless and reckless driving, and fleeing the scene of an accident. Although misdemeanors, these are serious offenses that indicate that Fakovic's alleged conduct posed a danger to the community. It would diminish the perceived seriousness of the offenses if the trial were to proceed without Fakovic's presence.

      Fakovic attempts to justify his request to waive his appearance at trial by indicating that these charges were brought several years ago. Although he is correct that these charges arose in 2013, the resolution of this case was delayed by the fact that he failed to appear for his initial appearance in August 2013 and updated address information was not located until September 2015. Additionally, Fakovic sought and received several continuances prior to entering his not guilty plea.

      Finally, Fakovic indicates that he has moved to New York and that requiring him to attend a trial in North Carolina would present a hardship for him. However, many defendants in

matters that arise out of Fort Bragg move to distant locations before their charges are resolved. Thus, this is not a sufficient reason to excuse him from attending his trial.

Therefore, Fakovic's motion to allow him to be absent from the bench trial is denied. If Fakovic fails to appear as ordered, a warrant may be issued for his arrest and the court may institute criminal contempt proceedings against him.

Dated: August 10, 2016

*Robert T. Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE